UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DERRICK ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-01033 |
| | ) | |
| JOHN WRIGHT, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Derrick Ellis, a pretrial detainee in the Robertson County Detention Facility in Springfield, Tennessee, has filed a pro se complaint for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e.

## I.  Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory

language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

II. **Factual Allegations**

Plaintiff alleges that he was arrested by Springfield Police Officer John Wright and another officer on May 1, 2018, and that the officers physically manipulated him and his handcuffs in a way that led to his having x-rays on his hand and wrist the next day. (Doc. No. 1 at 3.) After he

was released from custody on May 18, Plaintiff tried repeatedly to contact the Springfield Police Department and Chief of Police to report the May 1 incident, but they did not return his calls or otherwise follow up with him. (*Id.*)

Plaintiff was arrested again on July 9, 2018, by Officer Wright and fellow Officers John Castillo, Jason Graves, and Breyton Ridgley. (*Id.*) To summarize Plaintiff's allegations about that event: the officers knocked him to the ground hard enough to "knock[] the wind from him," painfully twisted his arms, kneed him in the head, neck, and lower back several times, cuffed him so tightly that it caused pain and numbness in his hands and wrists them pulled him painfully from the ground by the cuffs, roughly pulled and pushed him against the door frame of a police car, repeatedly slammed the car door on his legs and kicked his legs, pulled him back out of the car and into the street, and kneed him in the head again. (*Id.* at 4–5.) Officer Wright sprayed Plaintiff with pepper spray, and took Plaintiff to the Robertson County Detention Center. (*Id.* at 5.)

Plaintiff acknowledges that, during the course of this incident, he questioned the Officers' basis for arresting him, used profanities toward them, accidentally head-butted one of them, kicked the car door, and continued to proclaim his innocence. (*Id.* at 3–5.) He alleges that when he recognized Officer Wright from the May 1 incident he said "you're the one that roughed me up that I tried to report," and that Officer Wright smiled in response. (*Id.* at 4.)

Plaintiff alleges that a nurse in the jail documented his injuries from the incident and gave him antibiotic ointment for lacerations to his wrists caused by the handcuffs. (Doc. No. 1 at 6.) By July 19, the nurse observed swollen wrists and swelling and bruising of his leg all the way to his heel and gave him ibuprofen for pain and inflammation and ordered an x-ray. (*Id.*) by July 21, when he was taken for x-rays, Plaintiff was still experiencing pain, swelling, and limited mobility.

3

(*Id.* at 7.) He does not allege anything about the results of the x-ray exam or any necessary treatment thereafter.

Plaintiff was charged with multiple offenses arising from the July 9 arrest, including resisting arrest and simple assault. (*Id.* at 6.) He alleges that Officer Wright gave false testimony at his July 17 court appearance, at which his previous probation was revoked. (*Id.*)

Plaintiff claims that the Defendant Officers are liable for federal constitutional and state law claims including assault, excessive force, unlawful arrest, malicious prosecution, retaliation, and intentional infliction of emotional distress. (Doc. No. 1 at 7.) He also sues the Springfield Police Department, which he says is guilty of negligent hiring, training, and supervising of its officers, and has a policy of "covering up" misconduct by its police officers through malicious prosecution of the victims of its officers' mistreatment. (*Id.*) He seeks unspecified compensatory damages and $250,000 in punitive damages. (*Id.* at 8.)

### III. Analysis

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). But Plaintiff's claims relate directly to the validity of his criminal prosecution and may not proceed under § 1983 while the criminal charges are pending against him. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475,

488–90 (1973)). Because *Heck*'s bar to civil suits that necessarily imply the invalidity of incarceration only applies when there is an "extant conviction" and not merely an "anticipated future conviction," *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Supreme Court advises that in cases like this one it is "common practice" for a district court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393–94. Upon conclusion of the criminal prosecution, the civil action may either proceed or, in the event of a conviction, be dismissed as barred by *Heck*. *Wallace*, 549 U.S. at 394.

Accordingly, the Court will stay Plaintiff's lawsuit pending the outcome of Plaintiff's criminal prosecution. The stay will remain in effect until the criminal proceeding is resolved, including expiration of the time to file any appeal. If an appeal is filed, the stay will remain in effect until the appeal process is resolved. For administrative purposes only, the case will be closed during the pendency of the stay.

**IV.    CONCLUSION**

For the reasons set forth above, this action will be **STAYED** pending resolution of Plaintiff's criminal prosecution.

An appropriate Order is filed herewith.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE